## HALL *v.* DOWLING *et al.*

In this case—ejectment—the Court refused to disturb the verdict of the jury in favor of defendants as to the prior possession of plaintiff's predecessors.

Public land of the United States cannot be sold for taxes; and plaintiff in ejectment for such land cannot recover on a tax deed. If the tax was for improvements on the land, and if such tax was proper, then the deed should show this, and not a sale of the fee, or a taxing of the land itself.

Plaintiff claiming that one S., his predecessor, had title to the land sued for by *prescription* as against the Government of Mexico, through an actual occupancy for more than ten years without being disturbed by that Government: *Held,* that even if prescription run against the Government, it will not avail plaintiff, because the verdict is against such a holding and claiming as to give him title by prescription.

APPEAL from the Twelfth District.

Ejectment for the Island of Yerba Buena in the Bay of San Francisco. Plaintiff claimed title: 1st, by prior possession in one Spear, and King, her predecessors; 2d, by virtue of a tax deed; 3d, by prescription under the laws of Mexico. The facts as to prior possession and prescription are sufficiently stated by the Court. On the point of actual possession by Spear, from 1837 down to 1849, the jury found against plaintiff.

Plaintiff produced in evidence on the trial a tax deed executed by W. Y. Patch, Tax Collector of the city and county of San Francisco, on the twenty-second of June, 1858, for " the entire of the said island called Yerba Buena, formerly Goat Island, situated in the bay of San Francisco, and within the legislative and corporate limits of the aforesaid city and county of San Francisco."

This deed recites the following facts: That on the nineteenth day of October, 1857, W. Y. Patch, the Tax Collector aforesaid, in accordance with the provisions of the Revenue Law of 1857, levied upon the island of Yerba Buena or Goat Island, for taxes and charges due thereon to the State of California and city and county of San Francisco, it having been duly assessed for the fiscal year ending thirtieth of June, 1858, to " J. S. Polack and others, and to all owners and claimants, known and unknown." That on the sixteenth of December, 1857, the taxes being unpaid, the island was offered for sale in payment for the taxes at public auction,

in front of the city hall of San Francisco, by the Tax Collector, and bid off by William Hart, Jr., and John Parrott, who became the purchasers, for the sum of four hundred and eighty-nine dollars and ninety cents; and in due time the Tax Collector issued certificates of the purchase in duplicate, in the joint names of William Hart, Jr., and John Parrott; six months after the day of sale, and after the period of redemption had expired, without any one paying the delinquent taxes or redeeming the property, the Tax Collector executed a deed of conveyance of said island to William Hart, Jr., and John Parrott, in which deed all matters required by law were duly inserted.

Hart and Parrott, to avoid a multiplicity of certificates, deeds, etc., mutually requested the Tax Collector to apportion their respective interests separately in said deed; to W. Hart, Jr., ten-sixteenths, and to J. Parrott, six-sixteenths. This was done, and the deed was recorded in Liber 1 of Tax Deeds, 101, in the County Records of the city and county of San Francisco.

On the twenty-fourth of June, 1858, W. Hart, Jr., conveyed all his interest in the island acquired by the tax deed to plaintiff, for the consideration of four hundred and sixty dollars.

The Court admitted in evidence the Tax Collector's deed to Hart and Parrott, as also the conveyance from Hart, Jr., to plaintiff; but on counsel for defendants insisting in a later stage of the cause, that the Revenue Law for 1857–8, had used the word "purchaser," in the singular; and that as the Collector's deed had apportioned the property to two purchasers, the deed must be void on its face. The Court ruled out the deed, plaintiff excepting. General verdict for defendants.

The view taken by the Court renders any detailed account of the case unnecessary. Plaintiff appeals.

*E. L. B. Brooks,* for Appellant.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

A voluminous argument on behalf of the appellant is on file. No brief is filed by the respondents. The case is ejectment to recover possession of a certain island called Yerba Buena.

The main question tried seems to have been the actual possession of one Spear, and of one King, his grantee of this island. This possession was attempted to be proved by various witnesses, some of whom testify to Spear having goats (either in conjunction with one Fuller, as Leavenworth seems to intimate, or alone) on the island as early as 1837, and as late as 1849, when Spear died; and a good deal of other testimony of like character. A deed was also given in proof from Spear to King, dated in 1849, and from King to plaintiff, dated in 1856. The defendants set up possession and actual occupancy as early as 1849; and offer proof by several witnesses to that effect. A tax deed was also offered on behalf of plaintiff. The instructions of the Court are omitted from the transcript.

We are unable, therefore, to see in what light the Court put the case to the jury in view of the proofs; but it is presumed that it instructed them correctly in the law of the case. Upon such instruction the jury found the issues for the defendants, and the learned Judge below, on motion for new trial, refused to disturb it. We cannot, under these circumstances, give conclusive effect to this not very satisfactory testimony of the former possession of Spear or King furnished by these witnesses, as against the proof of an actual occupancy in 1849 by defendants. We cannot say that the proof was not ample to show an abandonment of the possession, if it ever were held, or what weight the jury attached to the testimony of these witnesses. We cannot see that the plaintiff makes out title through the tax deed; for this seems to have been public land of the United States, and therefore could not be sold for taxes. If the taxing of the improvements were proper, then the deed, etc., should show this, and not a sale of the fee or a taxing of the land itself.

If prescription run against the Government of Mexico, we cannot give effect to the doctrine here in favor of the plaintiffs, for the loose and equivocal proof of this partial possession from 1837, even if there was nothing in the proofs showing a holding in subordination to the Government, would not warrant us in deciding, against the finding of the jury and the ruling of the Judge who heard the testimony, that the plaintiff so held and claimed as to give him title by prescription.

Judgment affirmed.